IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JANA KATRINAK,                          :
                                        :
    Plaintiff,                          :
                                        :
vs.                                     :
                                        :  CIVIL ACTION 13-0076-M
CAROLYN W. COLVIN,                      :
Social Security Commissioner,           :
                                        :
    Defendant.                          :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 22). Oral argument was waived in this action (Doc. 23). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health

1

Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty years old, had completed a ninth-grade education (Tr. 434), and had previous work experience as a cashier and inventory clerk (Tr. 434, 436). In claiming benefits, Plaintiff alleges disability due to bilateral carpal tunnel syndrome, diabetes mellitus, hypertension, diabetic peripheral neuropathy, osteoarthritis, obesity, major depressive disorder, and borderline personality disorder (Doc. 13 Fact Sheet).

The Plaintiff filed applications for disability benefits and SSI on July 6, 2009 (Tr. 150-55; *see also* Tr. 16). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that she was capable of performing her past relevant work as an inventory clerk (Tr. 16-26). Plaintiff requested review of the hearing decision (Tr. 11-12) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Katrinak alleges that: (1) The ALJ did not properly consider the opinions and conclusions of her treating physician; and (2) the ALJ improperly discounted her testimony (Doc. 13). Defendant has responded to—and denies—these claims (Doc. 18).

Plaintiff's first claim is that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of Plaintiff's treating physician. Katrinak specifically references the conclusions of Dr. Helen Daniel (Doc. 13, pp. 3-5). It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[1] *see also* 20 C.F.R. § 404.1527 (2013). The medical evidence from Dr. Daniel follows.

Records from the Franklin Primary Health Center begin on November 17, 2008 at which time Plaintiff complained of nausea; she stated that she had not taken any blood pressure medications in over a year (Tr. 238-39; *see generally* Tr. 234-39).

---

[1] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3

Katrinak's pain was rated as zero.  Daniel's diagnoses included uncontrolled diabetes, hypertension, thyroid disease, obesity, noncompliance, and depression/anxiety.  On December 24, 2008, Plaintiff complained of a headache and body pain.  The doctor noted neuropathy and prescribed Elavil[2] (Tr. 236-37).  At the next exam, on July 21, 2009, Plaintiff complained of right knee and left shoulder pain from a recent fall; both were tender and Katrinak walked with crutches (Tr. 234-35).  Diabetes and hypertension were both characterized as uncontrolled; Plaintiff was noted to be noncompliant with her treatment.

On February 18, 2010, Katrinak complained of burning and tingling in both feet and both hands; pain was rated as nine on a ten-point scale (Tr. 380).  On May 10, Plaintiff was experiencing pain in her legs; she had been out of her medications for two months and her diabetes and hypertension were both noted to be uncontrolled (Tr. 378-79).  Eleven days later, Katrinak was noted to be in no pain, but did have suicidal ideation; she was cleared to have a dental procedure (Tr. 376-77).  On January 18, 2011, Plaintiff complained of right knee pain at a level of ten; Dr. Daniel noted that she was noncompliant with her treatment, including her diet (Tr. 371-72).  Her diagnoses were uncontrolled diabetes, hypertension,

---

[2] **Error! Main Document Only.***Amitriptyline*, marketed as *Elavil*, is used to treat the symptoms of depression.  *Physician's Desk Reference* 3163 (52nd ed. 1998).

4

and depression.

On that same date, January 18, 2011, Dr. Daniel expressed the opinion that Plaintiff was unable to work because of depression, schizophrenia, bipolar disorder, diabetes, and hypertension (Tr. 298). Daniel stated that this was a permanent condition from which she had been suffering for a number of years. On February 10, Katrinak complained of pain in her right knee and foot (Tr. 373-74). Neuropathy was added to her diagnoses.

On April 25, 2011, Dr. Daniel completed a form in which she indicated that she had treated Plaintiff for three years for diabetes, hypertension, diabetic neuropathy, and osteoarthritis, causing her to suffer burning and tingling in her feet and hands as well as right knee pain (Tr. 381). The doctor further stated that physical activity would greatly increase Katrinak's symptoms and would either distract her or cause her to totally abandon what she was doing; Plaintiff was treated with oral medications, but would benefit from physiotherapy. Daniel stated that Plaintiff would be unable to "engage in any form of gainful employment on a repetitive, competitive and productive basis over an eight hour work day, forty hours a week, without missing more than 2 days of work per month or experiencing frequent interruptions to her work routine" (Tr. 381). The doctor said that she would be unable to work because of her

5

pain, mental state, and social interaction skills.

In his determination, the ALJ summarized the evidence of record and then stated the following regarding Dr. Daniel's opinions:

> The undersigned gives no weight to the opinion of Dr. Daniel dated January 2011 (Exhibit B10F) that the claimant is unable to work. Dr. Daniel's opinion is conclusory, providing no explanation at all for her opinion other than a list of the claimant's medical conditions. Moreover, although Dr. Daniel opined that the claimant is unable to work due to, among other conditions, schizophrenia, neither Dr. Daniel, nor the claimant's treating mental health physician, diagnosed the claimant with schizophrenia for the duration period (See Exhibit B9F). The undersigned has also considered the opinion of Dr. Daniel (Exhibit B16F) dated April 2011 that physical activity will greatly increase the claimant's symptoms and cause distraction from task or total abandonment of task and that the claimant is unable to work due to pain, but gives it less weight than the opinions of Drs. Elmore and Davis. Dr. Daniel's opinion is inconsistent with treatment notes, which show only occasional complaints of pain. Additionally, the reliability of Dr. Daniel's opinions is undermined by the fact that she listed schizophrenia, but not osteoarthritis, as a cause of the claimant's disability in her first opinion dated January 2011 and listed osteoarthritis, but not schizophrenia, as a cause of the claimant's disability in her April 2011 opinion.

(Tr. 24).

The Court finds substantial support for the ALJ's decision

6

regarding Dr. Daniel's conclusions. No other doctor finds Katrinak disabled or suggests limitations approaching a total inability to work. Furthermore, as noted by the ALJ, Daniel's own records do not support her conclusions. Plaintiff's claim otherwise is without merit.

Katrinak also claims that the ALJ improperly discounted her testimony. Plaintiff asserts that the ALJ did not explain his reasoning (Doc. 13, pp. 2-3). The Court notes that the ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

In his determination, the ALJ found that Katrinak's "medically determinable impairments could reasonably be expected to cause some symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms [were] not credible" (Tr. 21). In explaining his decision, the ALJ noted that the results from the Minnesota Multiphasic Personality Inventory, administered by Psychologist Davis, suggested that she "was not reading the items, was so disoriented that she was not aware of the situation (which seemed unlikely), or that the claimant was trying to emphasize her physical problems to draw attention to herself for treatment purposes or for the benefit of accessing secondary gains" (Tr. 22). The ALJ further noted that Dr. Elmore's objective findings

7

did not support her claims of "pain, including burning and tingling in the hands and feet due to diabetic neuropathy, and right knee pain due to osteoarthritis" (Tr. 22). Furthermore, with regard to Katrinak's complaints of pain, the ALJ noted that her treating physician had recommended a conservative course of treatment and that Plaintiff had sought no treatment for knee or foot pain since March 2011 (Tr. 22). The ALJ noted that, in spite of her claims of having difficulties with her hands, there was no evidence of persistent complaints related to carpal tunnel syndrome or diabetic neuropathy (Tr. 23). The ALJ noted that Katrinak was regularly noncompliant with medications and dietary restrictions, causing her diabetes and hypertension to be uncontrolled (Tr. 23). The ALJ noted that, in spite of Plaintiff's claims of depression and other mental difficulties, she had a history of only sporadic treatment; additionally, what records did exist did not support a finding of mental disability (Tr. 23). The ALJ noted that Plaintiff's abuse of drugs and alcohol interfered with her medical regimen; additionally, the ALJ noted Katrinak's inconsistent testimony regarding her abuse (Tr. 23-24). Finally, the determination pointed out that although Plaintiff had asserted that she was unable to afford medical treatment, there was no evidence that she had sought help at low- or no-cost clinics while finding money to smoke and drink alcohol (Tr. 24).

The Court finds that the ALJ has thoroughly explained his reasoning in finding that Katrinak's testimony regarding her limitations was not credible. That determination is supported by the substantial evidence of record. Plaintiff's claim otherwise is without foundation.

Katrinak has raised two different claims in bringing this action. Both are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order.

DONE this 6th day of December, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE